IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOLORES MERTZ,

Plaintiff,

-vs-                                                          CASE NO.:

NCL (BAHAMAS) LTD.
d/b/a NORWEGIAN CRUISE LINE

Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DOLORES MERTZ, by and through her undersigned attorneys, and sues Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE (**hereinafter** NORWEGIAN CRUISE LINE) and alleges:

1. This is an action for damages that exceeds Seventy five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees.

2. This court has jurisdiction pursuant to 28 USC §1333 and the Contract of Carriage.

3. Plaintiff has satisfied and performed all conditions precedent for bringing this action.

4. At all times mentioned herein, Plaintiff, DOLORES MERTZ, was and is now a resident of the State of Florida.

5. At all times material hereto, the Defendant, NORWEGIAN CRUISE LINE, was and now is a foreign corporation with offices and agents and doing business in the State of Florida, at 7665 Corporate Center Drive, Miami, Florida, 33126, in Miami-Dade County, Florida.

6. At all times material hereto, Defendant, NORWEGIAN CRUISE LINE was the bareboat charterer, pro hac vice owner, owner and/or operator of the cruise vessel NORWEGIAN SPIRIT, a pleasure cruise vessel which Defendant used to transport fare-paying passengers from Port Canaveral, Florida.

7. At all times material hereto, Plaintiff was a fare-paying passenger aboard the NORWEGIAN SPIRIT its tenders and lifeboats.

8. At all times material hereto, the Defendant NORWEGIAN CRUISE LINE owned, operated and/or controlled the tenders and lifeboats used to take passengers to and from the docks in St. Thomas, Virgin Islands and; as such, owed a duty of reasonable care under the circumstances to the Plaintiff who was a fare-paying passenger aboard the Defendants' cruise ship, Norwegian Spirit.

9. On or about February 16, 2016, Defendant NORWEGIAN CRUISE LINE, failed in its duty of reasonable care to the Plaintiff while Plaintiff boarded a lifeboat taking her and other passengers back to the Norwegian Spirit from the docks in St. Thomas, Virgin Islands.

10. More specifically, on or about February 16, 2016, Plaintiff, DOLORES MERTZ, was waiting with other passengers to take a tender back to the cruise ship when NORWEGIAN CRUISED LINE employees and/or agents insisted she take a lifeboat instead of a tender.. The boat she was required to board had a high step that was difficult for Mrs. Mertz who was approximately 74 years old at the time to navigate. Defendant NORWEGIAN CRUISE LINE, through its employees and/or agents failed to provide the Plaintiff with a safe way to board the lifeboat and failed to provide her with reasonable assistance to board the life boat. As a result, Plaintiff, fell between the dock and the life boat and as a direct and proximate result, Plaintiff was injured.

11. On the date and at the place aforesaid, the Defendant NORWEGIAN CRUISE LINE, by and through its crewmembers, employees and/or agents, breached its duty owed to the Plaintiff, DOLORES MERTZ, by committing one or more of the following omissions or commissions:

    a. Negligently failing to act reasonably under the circumstances and provide Plaintiff with a reasonable and safe means to board the lifeboat;

    b. Negligently failed reasonably assist Plaintiff on to life boat;

    c. Negligently failed to warn or adequately warn the Plaintiff, DOLORES MERTZ, of the danger of getting in to the life boat, when the Defendant, NORWEGIAN CRUISE LINE, knew or should have known of said danger; and

    d. Negligently failed to correct or adequately correct the dangerous condition known to the Defendant, NORWEGIAN CRUISE LINE.

  12. As a direct and proximate result of the negligence of the Defendant, NORWEGIAN CRUISE LINE'S failure to use reasonable care under the circumstances, the Plaintiff, DOLORES MERTZ, suffered serious bodily injury, resulting in pain and suffering, disability, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and ability to earn money. Plaintiff, DOLORES MERTZ continues to have pain, and as such, continues to seek treatment. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

  WHEREFORE, the Plaintiff, DOLORES MERTZ, demands judgment against the Defendant, NORWEGIAN CRUISE LINE, for compensatory, pre-judgment interest, post judgment interest, costs and general relief, and further demands a trial by jury on all issues so triable.

  DATED this 10th day of March 10, 2017..

_____
Adam Brum, Esquire
Morgan & Morgan, P.A.
5544 Central Avenue
St. Petersburg, FL  33707
Tele:  (727) 318-6344
Fax:  (727) 318-6374
abrum@forthepeople.com
cmarckese@forthepeople.com
Florida Bar #:  999512
Attorney for Plaintiff(s)