UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-CV-20910-Altonaga/Goodman

DOLORES MERTZ,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD., a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE,

    Defendant.
_____/

## **DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT**

Defendant, NCL (Bahamas) Ltd. ("Norwegian"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby moves for final summary judgment against Plaintiff. In support thereof, Norwegian states as follows:

### **INTRODUCTION**

This is a maritime personal injury action wherein Plaintiff alleges a single claim for negligence against Norwegian. [DE 1] Specifically, Plaintiff alleges that on February 16, 2016, while she was a passenger on the Norwegian *Spirit*, she fell while in the process of boarding a tender vessel docked at the port of call in St. Thomas, Virgin Islands, which was going to take her back to the *Spirit*. *Id.* Plaintiff's claim is premised on allegations that a dangerous condition existed because the tender vessel she boarded allegedly had a "high step" that was difficult for Plaintiff to navigate and that Norwegian allegedly failed to provide Plaintiff with a safe way to board the tender. [*Id.* at ¶10.] Summary judgment is appropriate because there is no record evidence that Norwegian had notice of the risk-creating condition that Plaintiff alleges was the

cause of her accident. Moreover, the condition Plaintiff alleges caused her accident was open and obvious.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff was a passenger on the Norwegian *Spirit* on February 16, 2016. [DE 1 at ¶8.]

2. Plaintiff's Complaint alleges that at the time of the subject incident, she boarded a tender vessel at the dock in St. Thomas, Virgin Islands to take her and other passengers back to the *Spirit*.[1] [DE at ¶10.]

3. Plaintiff's Complaint alleges that the tender she boarded in St. Thomas allegedly had a "high step" that was "difficult" for her to "navigate" to get onto the tender, and that Norwegian allegedly failed to provide her with a "safe way" to board the tender. [DE at ¶10.]

4. Even assuming there was a "step up" from the dock/jetty onto the tender as alleged by Plaintiff (which Norwegian denies), Plaintiff testified that as she approached the tender, she realized and appreciated that the step up was allegedly "too high". [*See* Plaintiff's deposition, at page 59, line 21- page 61, line 14, attached herein as Exhibit "A"]

5. Plaintiff's husband, Raymond Mertz, also confirmed that his wife realized and appreciated that the step up was allegedly too high before she boarded the tender. [*See* Raymond Mertz's deposition, at page 79, lines 15-20, attached herein as Exhibit "B"]

6. The record is devoid of any evidence in this matter that Norwegian was on notice of a risk-creating condition. Specifically, there is not one scintilla of evidence in the

---

[1] Although Plaintiff makes reference in her complaint that the vessel she boarded in St. Thomas was either a "tender" or "lifeboat", the distinction (if any) has no relevance with the issues presented herein. Notwithstanding, there is no record evidence that Plaintiff boarded a "lifeboat". [DE 1]

    record in the form of evidence of prior incidents, let alone any substantially similar prior incidents, that would establish that Norwegian was aware of any purported dangerous condition associated with passengers boarding tender vessels at the dock in St. Thomas, Virgin Islands.

7. Plaintiff's husband, Raymond Mertz, testified that he was not aware of any other passengers having any problems or incidents boarding the same tender vessel that day as Plaintiff in St. Thomas. [*See* Exhibit "B", at page 77, lines 1-23 and page 83, lines 7-14.]

8. Rather, the record evidence is that no passengers have had an issue either boarding or exiting a tender during Norwegian's tendering operations in St. Thomas, Virgin Islands. [*See* Declaration of Michael Howe, at ¶7, attached herein as Exhibit "C"].

## **MEMORANDUM OF LAW**

### **I.     Summary Judgment Standard**

Summary judgment is appropriate if there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied,* 484 U.S. 1066 (1988). The summary judgment procedure should not be regarded as a "disfavored procedural shortcut," but as an integral part of the Federal Rules designed "to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327. On summary judgment, the moving party has no burden other than "pointing out to the district Court…that there is an absence of evidence to support [plaintiff's] case." *Celotex*, 477 U.S. at 325; *see also Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (summary judgment may be based solely on the absence of record evidence in support of the plaintiff's claim), *cert. denied,* 507 U.S. 911 (1993). To survive, a plaintiff must come forward

with significant probative evidence to demonstrate a triable issue of fact does exist. *See Baker v. McDonald's Corp.*, 686 F. Supp. 1474 (S.D. Fla. 1987), *aff'd*, 865 F.2d 1272 (11th Cir. 1988). More than a mere scintilla of evidence is necessary to survive a motion for summary judgment; "there must be a substantial conflict in evidence to support a jury question." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997), *cert. denied,* 522 U.S. 1045, 118 S. Ct. 685 (1998).

## II.     This Action is Governed by General Maritime Law

Incidents occurring on navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by maritime law. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959); *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1334 (11th Cir. 1984). Moreover, it is well settled that the law governing passenger suits against cruise lines is the general maritime law. *See e.g.,* Schoenbaum, Thomas J., Admiralty and Maritime Law §3-5 (4th Ed. 2004); *Keefe v. Bahama Cruise Line, Inc*., 867 F.2d 1318 (11th Cir. 1989); *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71 (6th Cir. 1990). In the instant matter, Plaintiff alleges that she was a passenger aboard the Norwegian *Spirit* at the time of the subject incident. (DE 1 at ¶ 6). Plaintiff further alleges that the Court has admiralty jurisdiction pursuant to 28 U.S.C. §1333. (DE 1 at ¶ 2). Thus, Plaintiff's claims are governed by United States maritime law.

## III.    Applicable Maritime Law Principles

"To establish a negligence claim, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Taiariol v. MSC Crociere, S.A.,* 2016 U.S.Dist. LEXIS 48966 (S.D. Fla. Apr. 12, 2016)

(citing, *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012)). The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action. *Isbell v. Carnival Corp*., 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment.").

> **IV.     There is No Evidence that Norwegian had Actual or Constructive Notice of the Alleged Risk-Creating Condition**

It is well-settled law that a shipowner's duty to its passengers is "the duty of exercising reasonable care under the circumstances of each case." *Torres v. Carnival Corp*., 2015 WL 7351676, at *5 (11th Cir. 2015) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959)). The applicable standard of care "**requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition**." *Keefe v. Bahama Cruise Line, Inc*., 867 F.2d 1318, 1322 (11th Cir. 1989) (emphasis added); *see also Luby v. Carnival Cruise Lines, Inc*., 633 F. Supp. 40, 41 n.1 (S.D. Fla. 1986) (holding that a shipowner is not "the insurer of the safety of [its] passengers" and the mere fact that an accident occurs does not render a shipowner liable); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 n.3 (11th Cir. 1990) ("The purpose behind the . . . notice requirement is that the shipowner should not be made the insurers of passenger safety."); *Monteleone v. Bahama Cruise Line*, Inc. 838 F.2d 63, 65 (2d Cir. 1988) ("[A] shipowner is not an insurer of its passengers' safety.")).

Courts routinely grant summary judgment in a defendant's favor when a plaintiff fails to adduce evidence on the issue of notice. *See Taiariol,* at *11, citing *Lipkin v. Norwegian Cruise*

*Line Ltd.*, 93 F. Supp. 3d 1311, 1324 (S.D. Fla. 2015) ("Because Plaintiff has failed to cite any evidence in the record showing that [Defendant] had actual or constructive notice of the risk-creating condition alleged in the complaint . . . summary judgment in favor of [Defendant] is appropriate in this matter."); *Thomas v. NCL (Bahamas) Ltd.*, No. 13-24682-CIV, 2014 U.S. Dist. LEXIS 110547, 2014 WL 3919914, at *4 (S.D. Fla. Aug. 11, 2014) (granting summary judgment where "[t]he unrefuted evidence in the record instead indicates a lack of actual or constructive notice"); *Cohen v. Carnival Corp.,* 945 F. Supp. 2d 1351, 1355 (S.D. Fla. 2013) (granting summary judgment where plaintiff "presented no evidence that [Defendant] had actual or constructive notice of the alleged risk-creating condition," noting such evidence could include "a record of any accident reports, passenger comment reviews or forms, or reports from safety inspections alerting [Defendant] of any potential safety concern"); *Malley v. Royal Caribbean Cruises Ltd.*, No. 17-11437, 2017 WL 5192361 (11th Cir. Nov. 9, 2017) (affirming summary judgment in favor of cruise line as plaintiff failed to present any evidence that defendant had notice of the risk-creating condition); *Newell v. Carnival Corp.*, No. 15-cv-24499-King, 2017 WL 5513634, at *3 (S.D. Fla. Nov. 16, 2017) (summary judgment entered in favor of cruise line as plaintiff did not come forward with evidence of any prior similar accidents which would have put defendant on notice of the allegedly dangerous condition). Courts have also found that at this stage of disposition, "mere implication of actual or constructive notice is insufficient to survive summary judgment." *Taiariol,* at *12, quoting *Lipkin*, 93 F. Supp. 3d at 1323 (citation omitted); *see also Thomas*, 2014 U.S. Dist. LEXIS 110547, 2014 WL 3919914, at *4; *Cohen*, 945 F. Supp. 2d at 1357 (citing *Adams v. Carnival Corp.*, 2009 U.S. Dist. LEXIS 122822, 2009 WL 4907547, at *5 (S.D. Fla. Sept. 29, 2009) (finding plaintiff needed "specific facts" rather than "mere implication" to demonstrate notice)).

In this case, there is absolutely no record evidence that Norwegian had actual or constructive notice of the condition Plaintiff alleges to have caused her accident. Specifically, there is no evidence or testimony in the record that Norwegian was aware of any condition in the tendering boarding process in St. Thomas, Virgin Islands that posed a risk-creating condition to Plaintiff or any other passenger. [*See* Facts, at ¶¶ 6-8]. In this regard, there is not a scintilla of record evidence of any prior incidents, complaints, or problems with passengers boarding a tender at the dock in St. Thomas, let alone record evidence of substantially similar prior incidents boarding a tender with an allegedly "high step" as what allegedly occurred with Plaintiff in the present case. *Id*. As there is no record evidence that Norwegian had actual or constructive notice of any risk-creating condition in the area where Plaintiff's incident occurred, for this reason alone, Norwegian respectfully submits that it is entitled to summary judgment on all of Plaintiff's claims.

### V. Norwegian is Also Entitled to Summary Judgment as it had No Duty to Warn Plaintiff of an Open and Obvious Condition

A carrier has no duty to warn of dangerous conditions which are "apparent and obvious to the passenger." *Isbell*, 462 F. Supp. 2d at 1238 (emphasis added), citing *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 (S.D. Fla. 1986) (holding the duty to warn passengers of dangers "…extends only to those dangers which are not apparent and obvious to the passenger"); *see also Hasterly v. Royal Caribbean Cruises, Ltd.*, 515 F. Supp. 2d 1278, 1283 (S.D. Fla. 2007). "There is no duty to warn of dangers which are observable by and apparently as obvious to the passenger as to the carrier's employees." *Corby*, 1990 U.S. Dist. LEXIS 13675, at *4. In addition, "[t]he obviousness of a danger . . . [is] determined by a '**reasonable person**' standard, rather than on each plaintiff's subjective appreciation of the danger." *Morell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F. Supp. 2d 1345, 1351 (S.D. Fla. 2008) (emphasis added), citing

*Byrnes v. Honda Motor Co., Ltd*., 887 F. Supp. 279, 281 (S.D. Fla. 1994).  As the Court held in *Isbell*, the mere fact that an accident occurs does not give rise to a presumption of a dangerous condition." *Isbell*, 462 F. Supp. 2d at 1237.  There is no requirement to warn of dangers that are open and obvious. *Taiariol,* at *8 (citing *Smith v. Royal Caribbean Cruises, Ltd.*, 620 F. App'x 727, 730 (11th Cir. 2015)); *see also Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351, 1357 (S.D. Fla. 2013) ("[T]here is no duty to warn of dangers that [are] of an obvious and apparent nature.") (internal quotation marks omitted). "Open and obvious conditions are those that should be obvious by the ordinary use of one's senses." *Lugo v. Carnival Corp.*, 2015 WL 9583280 (S.D. Fla. Dec. 31, 2015), at *4 (quoting *Lancaster v. Carnival Corp.*, 85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015) (noting that open and obvious conditions are "discernible through common sense and the ordinary use of eyesight")).

Given the record evidence, including Plaintiff's own testimony, the alleged step up was an open and obvious condition.  In this regard, there can be no question that a reasonable person would be able to perceive the alleged step up onto the tender through the ordinary use of their own senses.  This Court has routinely found that changes in elevation or steps constitute an open and obvious condition negating any duty to warn. *See Taiariol v. MSC Crociere, S.A*., 2016 WL 1428942, *4 (S.D. Fla. 2016); *Mendel v. Royal Caribbean Cruises, Ltd*., 2012 WL 2367853, *5 (S.D. Fla. 2012); *Cohen v. Carnival Corp*., 945 F. Supp. 2d 1351, 1358 (S.D. Fla. 2013).  Indeed, both the Plaintiff and her husband testified that Plaintiff was aware of the purported high step up onto the tender, and that Plaintiff realized and appreciated the alleged danger prior to boarding the tender. [*See* Facts, at ¶¶ 4-5].

The Eleventh Circuit Court of Appeals recently addressed a similar issue in *Malley v. Royal Caribbean Cruises, Ltd*., No. 17-11437, 2017 WL 5192361 (11th Cir. Nov. 9, 2017).  In

*Malley*, the plaintiff claimed that the defendant cruise line was negligent for failing to warn her of an alleged dangerous condition prior to plaintiff stepping onto an allegedly high coaming. *See id*. at *1. The Eleventh Circuit affirmed the trial court's entry of summary judgment in favor of the cruise line as the Court noted that plaintiff testified that she saw the step, and that "one could infer that a person who could see a step would also be able to see how high the step was." *Id*. This, despite the fact that the plaintiff in *Malley* claimed that she could not discern the height of the step at issue. *See id*.

In the present case, it is unrefuted that the Plaintiff, Dolores Mertz, not only saw the alleged step up onto the tender, but that she also realized and appreciated that the step up was allegedly too high. [See Facts, at ¶¶ 4-5]. Because Plaintiff clearly appreciated the claimed danger (assuming *arguendo* that it existed at all), which was open and obvious, Norwegian had no duty to warn of same. Thus, Plaintiff's claims fail as a matter of law, and Norwegian respectfully requests summary judgment be granted in its favor.

## **CONCLUSION**

For the reasons set forth above, Norwegian respectfully requests the entry of final summary judgement in its favor on all of Plaintiff's claims.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter final summary judgment in its favor and against the Plaintiff on all of Plaintiff's claims, and for all other relief it deems just and proper.

Dated: December 5, 2017

    Miami, Florida

Respectfully submitted,

BY: /s/ *Michael C. Gordon*
Jeffrey E. Foreman, Esq. (FBN 0240310)

jforeman@fflegal.com
Michael C. Gordon, Esq. (FBN 149284)
mgordon@fflegal.com
Jonathan Hernandez, Esq. (FBN 069047)
jhernandez@fflegal.com
FOREMAN FRIEDMAN, P.A.
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Tel: 305-358-6555/Fax: 305-374-9077
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 5, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

BY: */s/Michael C. Gordon*_____
Michael C. Gordon, Esq.

**SERVICE LIST**

| | |
|---|---|
| Adam Brum, Esq. | Jeffrey E. Foreman, Esq. |
| abrum@forthepeople.com | jforeman@fflegal.com |
| cmarckese@forthepeople.com | mfonticiella@fflegal.com |
| Morgan & Morgan, Tampa, P.A. | Michael Gordon, Esq. |
| 5544 Central Avenue | mgordon@fflegal.com |
| St. Petersburg, FL  33707 | crcano@fflegal.com |
| Phone:  727-318-6344 | Jonathan Hernandez, Esq. |
| Fax: 727-318-6374 | jhernandez@fflegal.com |
| *Attorney for Plaintiff* | Foreman Friedman PA |
| | 2 S. Biscayne Blvd., Suite 2300 |
| | Miami, FL  33131 |
| | Phone: (305) 358-6555 |
| | Fax: (305) 374-9077 |
| | *Attorneys for Defendant* |