IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOLORES MERTZ,

Plaintiff,

-vs-

NCL (BAHAMAS) LTD.
d/b/a NORWEGIAN CRUISE LINE          CASE NO.: 1:17CV20910

Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT**

COMES NOW the Plaintiff, DOLORES MERTZ, by and through undersigned counsel, puruant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby responds to Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINES' (NORWEGIAN) Motion for Final Summary Judgment, [DE 34] and states as follows:

INTRODUCTION

Plaintiff, Dolores Mertz is 74 years old. [Mertz Depo. Pg. 4] The Plaintiff alleges that on February 16, 2016, she was a fare paying passenger aboard the Defendants cruise ship the *Spirit*. On that day, Mrs. Mertz and her husband took a tender boat from the *Spirit* to shore in St. Thomas, Virgin Islands. [DE 1].

On the way back to the *Spirit*, the Defendant provided a tender boat at the dock in St. Thomas for the purpose of bringing the passengers back to the ship. When the tender arrived, the Plaintiff told the tender operators that the edge of the boat was too high for her to step up too. [Mertz Depo. Pg. 61, ln 10-19; Pg.63, ln 3-9] The Plaintiff told the tender operators that she wanted wait for another tender. [Mertz Depo. Pg.63, ln 1]. There was no step or ramp or other means to enter the tender however, the tender operators told the Plaintiff "you have nothing to worry about we'll get you on this tender". [Mertz Depo Pg. 63, ln 3-9] Reluctantly, and feeling intimidated, the Plaintiff agreed and allowed the tender operators to grab her under her arms and lift her onto the

tender. [Mertz Depo. Pg.63, ln 9]. While they lifted her up, her foot slipped and the tender operators dropped her onto her knee on the edge of the tender. [Mertz Depo. Pg. 64-65].

As a result of the negligence of the tender operators, Plaintiff was injured. Summary Judgment is improper because there is clear and uncontroverted evidence that the tender operators improperly lifted the Plaintiff and dropped her.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Agreed.

2. Agreed.

3. While Plaintiff generally agrees, the Defendant has left out the fact that the Plaintiff told the tender operators that she wanted to wait for another tender. In response, the tender operators pressured the Plaintiff, a 74 year old lady and her elderly husband, into boarding the tender anyway. They offered to "lift" her up and into the tender. They did not offer any stairs, steps or ramps. Furthermore, the tender operators dropped her causing her injuries.

4. While Plaintiff generally agrees, the Defendant has left out the fact that when she asked for a different tender, the tender operators pressured her into boarding the tender. They lifted her and dropped her.

5. While Plaintiff generally agrees, the Defendant has left out the pertinent facts to this case. Mr. Mertz, testified in his deposition that the Plaintiff asked for a different tender and felt pressured into boarding the tender. [Raymond Mertz Depo. Pg. 85, ln 21-24]. He also testified that they dropped his wife while attempting to lift her into the tender. [Raymond Mertz Depo. Pg. 84, ln 13-15].

6. Disputed. The Defendant created the dangerous situation and their actions injured the Plaintiff, notice is not the issue in this case. The tender operators had to lift another passenger onto the tender before the Plaintiff and, they were specifically told by the Plaintiff that she was uncomfortable trying to lift her leg up to the step. They knew she was uncomfortable and they undertook to "lift" her up anyway. Then they negligently dropped her and injured her.

7. While it is agreed that the husband did not see other passengers having difficulty, the Plaintiff herself testified that she saw another woman have a problem. However, once again the Defendant left off the pertinent fact that the tender operators undertook to lift the Plaintiff and negligently dropped her.

8. While Micheal Howe may have said what he said in the declaration that Defendant prepared, said declaration creates material issues of fact in and of itself. [See, Document 34 Exhibit C]. Further, please note that Mr. Howe has never been produced for deposition in this case despite repeated attempts by the Plaintiff to schedule Mr. Howe. He apparently lives in the UK. Importantly, Mr. Howe was not an actual witness to the events wherein the Plaintiff was picked up under her arms and dropped. [See, Howe's declaration paragraph 5].

### Plaintiff's Additional Statements of Material Fact

Pursuant to the provision of Local Rule 56.1(a) the Plaintiff sets forth the following undisputed facts:

9. The Defendant was specifically made aware that the step up to the tender was too high for the Plaintiff to lift her own leg. Additionally, the Defendant failed to have a reasonable means of ingress and egress to the tender. Instead, the tender operators physically lifted the Plaintiff and did so in negligent manner. [See, Mr. and Mrs. Mertz's deposition set forth above and Randle Jaques Rule 26 report]

10. The Defendant was aware that they had no steps, stairs or ramps for the Plaintiff to use to board the tender at issue. It is industry standards to have a safe means for passenger to enter and exit a tender. [ Randle Jaques Rule 26 report]

11. The Defendants tender crew/operators pressured the Plaintiff into boarding the tender even though she verbalized her protest and they undertook to lift her into the tender. While lifting her they dropped her onto her right knee, causing her injuries.

12. Industry standards set forth that tenders and the tender operations should be supervised by a safety or security officer. [Randle Jaques Rule 26 report]. The handling of safety hazards and passengers by the company should follow the Ships Management Systems (SMS). These guidelines were not followed in this case. [Randle Jaques Rule 26 Report].

### MEMORANDUM OF LAW

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, deposition, answers to interrogatories and admission on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ. P. 56; Adickes v. S.H. Kress & Co., 398 U.S. 44, 175 (1970); Tippens v. Celotex Corporation, 805 F.2d 949, 952-

3 (11th Cir. 1986). When determining whether the moving party has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157; Rojas v. Florida, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

If one or more of the essential elements is in doubt, then summary judgment must not be granted. Summary judgment is such a lethal weapon, depriving a litigant of a trial on the issue, caution must be used to insure only those cases devoid of any need for factual determinations are disposed of by summary judgment. Summary judgment should be granted only when the evidence produced by the non-moving party, when viewed in a light most favorable to that party, fails to establish a genuine issue. (Emphasis in the original). Also see, Lane v. Celtex Corp., 782 F.2d 1526 (11th Cir. 1986).

As further observed by the Eleventh Circuit in Reese v. Herbert, 527 F.3d 1253, 1271 (11th Cir. 2008), "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Also see, Stewart v. Booker T. Washington Ins., 232 F.3d 844, 850 (11th Cir. 2000); Hairston v. The Gainesville Sun Publishing Co., 9 F.3d 913 (11th Cir. 1994). The limitations on the grant of summary judgment are "to be strictly construed so as to insure that factual issues will not be determined without the benefit of the truth-seeking procedures of a trial." Jackson Tool & Die, Inc. v. Smith, 339 F.2d 88, 91 (5th Cir. 1964).

### Shipowner's Liability for Passenger Injury

There is a significant difference in the elements of a claim based upon a carrier's failure to remedy a dangerous situation created by another and a claim arising from a hazard or defect the carrier has contributed to creating. Where the cruise line is charged with negligence for failure to correct a hazard create by another, the passenger must establish that the cruise line had either constructive or actual notice of the condition. See e.g. Keefe v. Bahamas Cruise Lines, Inc., 867 F.2d 1318 (11th Cir. 1989). However, where the basis of the claim is that the cruise line participated in creating the hazard, notice is not an element of the plaintiff's burden of proof.

See e.g. Rockney v. Royal Caribbean Cruises Ltd., 2001 WL 420993 (S.D. Fla. 2001)(summary judgement denied where cruise line employee created the hazard by the placement of the bingo board which fell upon the passenger); Palmieri v. Celebrity Crusise, Inc., 1999 WL 494119 (S.D. NY 1999)(denial of summary judgment for injuries caused by defect in cabin where the cruise line was responsible for the cabin layout); McDonough v. Celebirty Cruises, Inc., 64 F.Supp.2d 259 (S.D. NY 1999).

### There are material facts that establish Norwegian failed to act reasonably under the circumstances

Under maritime law the owner of a ship owes its passengers a "duty of reasonable care" under the circumstances. Sorrels v NCL (Bahamas)Ltd., 796 F.3d 1275, 1279-80(11th Cir. 2015); Torres v. Carnival Corp., 2015 WL 7351676, At *5 (11th Cir. 2015)(quoting Kermarec v. Compagnie Generale Transatlantique, (358 U.S. 625, 632 1959). To prevail a Plaintiff must show that: (1) Ship owner had a duty to protect the Plaintiff from a particular injury; (2) The ship owner breached that duty; (3) the breach actually and proximately caused Plaintiff injury; and (4) Plaintiff suffered actual harm. Id. at 1280. **This duty of care extends to the process of boarding and disembarking the vessel.** Caldwell v. Carnival Corp., 944 FSupp.2d 1219 (S.D. Fla. 2013); citing, Chaparro v. Carnival Corp., 693 F.3d 1333 (11th Cir. 2012).

In this case, the Defendant had a duty to provide the Plaintiff with a safe and reasonable way to go from the dock in St. Thomas to the ship. Instead, the clear and uncontroverted evidence shows that the Defendant provided a tender that the Plaintiff could not step up on to without assistance. Instead of doing any number of reasonable things, the tender operators attempted to lift the plaintiff onto the tender and dropped her onto the edge of the tender directly on her knee. The Defendant new or should have known that lifting the Plaintiff was in and of itself dangerous. They simply could have provided her with a different tender boat or with a ladder, stairs, steps or a ramp. They did none of those things. Not only was the Defendant on

notice of this dangerous situation, they created it and made it worse. The Defendant attempts to deflect its own negligence by arguing that the Plaintiff herself knew that the step up was too much for her. While this argument may go to comparative fault, it is disingenuous, at the least, to argue that they had no notice of the dangerous situation they created.

The fact that Norwegian created the condition in and of itself satisfies the notice requirements. Rocky v. Royal Caribbean Cruise, Ltd., 2001 U.S. Dist. Lexis 21886; Whelan v. Royal Caribbean Cruises, Ltd. 2013 U.S. Dist. Lexis 147811. Although this court distinguished Rockey in its decision in Mendel v. Royal Caribbean Cruises, 2012 U.S. Dist. Lexis 86052, it did so on the facts of Mendel, specifically in the absence of any evidence that the defendant "actually created, participated in or approved the design." In this case, not only is there record evidence that Norwegian created the dangerous situation, they made it worse by coercing the Plaintiff into allowing them to lift her up and then dropping her.

There are genuine issues of material fact on the issue of notice and in fact, the notice requirement is established by the undisputed evidence that Norwegian created the dangerous situation, failed to act reasonably under the circumstances and made it worse through their own actions.

## **CONCLUSION**

Defendant's Motion should be denied in its entirety. All evidence considered must be viewed in a light most favorable to the non-moving party. All justifiable inferences must be drawn in favor of the non-moving party. On this record, Plaintiff contends that at the very least, there are genuine issues of material fact regarding the way Norwegian handled her while attempting to lift her onto the tender boat at issue. Plaintiff respectfully requests that Defendant's Motion for Summary Judgment be denied.

                                                  /s/
Adam Brum, Esquire
Morgan & Morgan, Tampa, P.A.
5544 Central Avenue
St. Petersburg, FL 33707
Tele: (727) 318-6344
Fax: (727) 318-6374
abrum@forthepeople.com
cmarckese@forthepeople.com
Florida Bar #: 999512
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 19th, 2017 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties indentified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY: /s/

Adam Brum, Esquire

## SERVICE LIST

| | |
|---|---|
| Adam Brum, Esquire<br>abrum@forthepeople.com<br>cmarckese@forthepeople.com<br>Morgan & Morgan, P.A.<br>5544 Central Avenue<br>St. Petersburg, FL 33707<br>Phone: 727-318-6344<br>Fax: 727-318-6374<br>*Attorney for the Plaintiff* | Jeffrey E. Foreman, Esquire<br>jforeman@fflegal.com<br>mfonticella@fflegal.com<br>mfernandez@fflegal.com<br>Michael C. Gordon, Esquire<br>mgordon@fflegal.com<br>pcampo@fflegal.com<br>Jonathan Hernandez, Esquire<br>jhernandez@fflegal.com<br>Foreman Freidman, PA<br>One Biscayne Tower, Suite 2300<br>2 South Biscayne Boulevard<br>Miami, FL 33131<br>Phone: 305-358-6555<br>Fax: 305-374-9077<br>*Attorneys for Defendant* |